# Chicago & Eastern Illinois Railroad Company
## v.
## Antoine Goyette.

*Railroads — Fire—Weeds — Locomotive — Damages — Declaration—*
*Amendment—Continuance —General Verdict—Special Findings—Instruc-*
*tions.*

1.   An application for a continuance, made upon the amendment of the declaration, may be properly overruled, where the affida.it in support thereof is admitted in evidence by the plaintiff in accordance with the statute, and it does not appear that the defendant could have reasonably been prejudiced in his defense by the amendment.

2.   All parts of a verdict are to be so reconciled, if it can reasonably be done, as to support the general verdict.

3.   In an action against a railroad company to recover for loss by fire, alleged to have been set by one of its locomotives, this court holds that a special finding of the jury setting forth that there was not sufficient proof to enable it to find at which of two places charged, the fire originated, was not inconsistent with a general verdict against the defendant, and constitutes no ground for setting aside the same.

4.   The omission of the word "dangerous" before the word "combustible" from an instruction upon the duty of the railroad company to keep its right of way clear of dry weeds and' combustible material, etc., did not in the case presented constitute reversible error.

5.   It is proper to strike out of the instructions of a defendant in an action of this character such portion thereof as pretends, but fails, to cover the ground, touching the means and methods a railroad company is bound to adopt for the prevention of damages by fire from locomotives.

6.   The appliances in such cases must be the most approved, they must be kept in the best of running order, and the methods and manner of running and handling the engines must be free from negligence on the part of those in charge.

[Opinion filed December 16, 1889.]

In error to the Circuit Court of Kankakee County; the Hon. H. J. Pillsbury, Judge, presiding.

Mr. W. H. Lyford, for plaintiff in error.

Mr. C. R. Starr, for defendant in error.

C. & E. I. R. R. Co. v. Goyette.

LACEY, J.   This was an action in case brought by the defendant in error against the plaintiff in error, to recover for loss occasioned by fire, to his buildings, grain, meadow and other personal property, which fire was alleged to have escaped from the locomotive engine of plaintiff in error, by negligence, while operating its railroad.   The declaration consists of two counts: first, it charges negligence on the part of the plaintiff in error in not keeping its right of way free from dead grass, dry weeds and other combustible material, etc., by means whereof fire was emitted and thrown from a certain locomotive, and ignited the said grass and weeds and was spread, and was communicated over, and by the same, to and upon said lands of the defendant in error, and his property burned, etc.

The second count charges the negligence to consist in the negligence of plaintiff in error in allowing the fire to escape and be thrown from its locomotive, by which it fell upon defendant in error's lands, outside of the right of way, and ignited the dry grass and weeds, from which fire was communicated to the defendant in error's property, etc., and damages were sustained.   The cause was tried by the court and a jury, and resulted in a verdict for plaintiff in error, for $1,385, and after overruling plaintiff in error's motion for a new trial, the court rendered judgment in favor of the defendant in error for the amount of the verdict.

Several grounds for error are assigned which we will now proceed to notice.   The first is, that the court committed error in not allowing to plaintiff in error a continuance upon its affidavit, after the amendment of the declaration.   We do not think this ground is at all well taken for apparent reasons.

First, the declaration was only changed by the striking out of it the claim for burning "a barn" and inserting "one shed on east side of barn, 14 x 40 feet, and pig-shed 8 x 16 feet." The barn had been insured by defendant in error before the shed on the east side was built, and after the fire, was paid for by the insurance company, and the claim assigned to it, and only the shed part was sought to be recovered for in this action, and by the amendment the charge was limited to this.

The affidavit for a continuance is set out in the abstract, and shows that the plaintiff in error had no notice that defendant in error had any such sheds; it had no witnesses in attendance, or that could be brought there at that term of court, to give evidence as to whether they were burned or not, or their value; that by the surprise by the amendment of the declaration it was unprepared to proceed to the trial of said cause at that term of court, and that the affiant believed that if the cause was continued the plaintiff in error would be able to procure evidence before the next term of court; that defendant in error was entitled to no damages by reason of the said alleged burning of said sheds, mentioned in said amendment. The attorney for defendant agreed to admit the said affidavit in evidence under the statute, and the court overruled a motion for continuance.

We think in this there was no error. It is true that under the common law, as it was interpreted in this State prior to the passage of the present statute, on the subject of continuances, it was conclusively presumed that the defendant in any suit was surprised and was unprepared for trial whenever the declaration was amended in any material particular, and the cause had to be continued, if the defendant desired it, at the plaintiff's costs. But our present statute has wisely changed this most absurd rule of the common law, and refuses to allow a continuance except good cause is shown therefor by affidavit as in ordinary cases. Of course the amendment and its nature should be taken into account by the court on the question of diligence on the part of the defendant offered in excuse for not having his witnesses or other evidence present.

In this case it is very doubtful whether, under the rule of the common law, prior to the statute there was any material amendment made to the declaration. The barn, according to the original declaration, would naturally embrace the two sheds claimed for, and if so, the amendment of the declaration as to the sheds does not change it, in claiming for the sheds only, as they were claimed for in the original declaration under the general term, barn. The fact that a portion of the property claimed for in the declaration was withdrawn, would not be

a change of the declaration as to that not withdrawn.     The lesser is included in the greater.

But the court allowed the affidavit to be read in evidence, and if any error was committed it was not against plaintiff in error.    There is nothing in the affidavit or the circumstances to show that the court abused its discretion in not allowing a continuance, if such continuance is claimed outside of the provisions of the statute, on equitable principles.    Such application is always directed to the sound discretion of the court.    The original declaration showed that the barn was claimed for as a whole, and the plaintiff in error should have prepared itself to contest the value of every part of it.    We can not see how any actual surprise could come to plaintiff in error under the circumstances.

At plaintiff in error's request the jury was required by the court and did find a number of special verdicts, and on the grounds of one of these findings it insists that it was the duty of the court below, as it was requested to do, to find in favor of plaintiff in error and give judgment against the defendant in error.    This is one of the main points urged here for reversal.    The proposition and special finding of the jury was as follows:

1.    "Did the fire in question in this case begin on the defendant's right of way, or did it begin in the plaintiff's property?"    To this the jury returned the following answer: "No proof of evidence."    This answer simply meant that there was no sufficient proof of evidence to enable it to find which of the two the fire commenced on.    From the evidence the jury could not find which of the two places the fire originated on.    The answer as given was not responsive to the proposition submitted, unless the above interpretation of the verdict is correct.    But taking the proposition and the verdict together, which we must do in cases like this, the above interpretation is correct.    The jury did not certainly intend to say by the verdict that there was "no proof" that the fire originated either on the right of way or the defendant in error's land.    This would have been to squarely contradict the general verdict, which, unless the case was clear, the

court should not find. All parts of the verdict should be reconciled if it reasonably could be, so as to support the general verdict. The jury was unable to find and did not find whether the fire originated on the right of way of defendant in error's land, but found that the fire originated on one of the two spots, which they must have done in view of the general verdict ; and then proceeded to find by the general verdict that the plaintiff in error was guilty in manner and form charged in the two counts of the declaration.

Now it is manifest that if the other evidence in the case would support the verdict of the jury as to the plaintiff in error's liability on each of the two counts, provided the fire originated as charged in each, then it is entirely immaterial as to which of the places charged in the declaration the jury found the fire originated, provided it found it originated in the one or the other. But the jury found that the fire originated on both, hence the verdict that there was no evidence—which must be taken to mean there was no more evidence as to the one than the other. We think that the evidence fully justified the jury in finding that dangerous, combustible material was allowed to remain on defendant's right of way, and hence it would follow under the statute (Sec. 63, Chap. 114, 2 S. & C. Am. St. 1933), the plaintiff in error would be liable if the fire originated there.

There is more doubt in our minds under the first count of the declaration. In case of the fire originating outside the right of way on the defendant in error's land, the evidence must, taken together, show that the plaintiff in error was someway negligent in allowing the fire to escape; either that the necessary spark arrester was not fit, that it was out of order, or the running of the engine was not properly done, or by some other carelessness the sparks escaped. The jury found by their special verdict, that the appliances for preventing the escape of sparks was not in good order at the time the fire escaped; now we think that the jury was justified in so finding. In the first place the statute provides, that in case of the setting of fire by a locomotive engine in running a railroad train, negligence shall be presumed *prima facie.*

Though, in order to rebut this presumption, the plaintiff in error produced evidence tending to show that the appliances for arresting sparks was the best, that it was in good order and well handled, yet the undisputed evidence was that engine 73, that set the fire in question as it approached the spot where the fire was set on defendant in error's premises, set on fire nearly every farm through which it passed, for at least three miles, and in some instances in several places. Now we think that the jury was justified in finding, as against plaintiff in error's evidence, that this engine was very unsafe at the time and badly out of order. As the fire either originated inside or outside the right of way, which the evidence overwhelmingly establishes, and as the evidence is fully sufficient to establish right to recover as to the other essential facts, we see no reason why the general verdict should be set aside on account of anything found in the first special verdict.

No difference where the jury had located the starting of the fire—the verdict should have been the same, provided it found the essential facts in each count in favor of defendant in error, which, under the peculiar circumstances of this case we are satisfied the jury did, and in fact, in order to support the verdict we are bound to so believe.

The jury especially found the other disputed facts under either count in favor of defendant in error; under the first, that the appliances for arresting sparks were out of repair when the fire was allowed to escape, and under the second, that the plaintiff in error allowed dangerous, combustible material to remain on the right of way at the time the fire was started; in other words, it " was only partially cleared away." The evidence was ample to sustain the verdict, and the point of plaintiff in error in that particular is not well taken.

The defendant in error's instruction to the jury, that it was the duty of plaintiff in error to keep the right of way clear of dry weeds and combustible material, etc., and not inserting the word *dangerous* before the word *combustible*, as provided in the statute, we think, under the evidence and circumstances in this case, could not be harmful, and was not calculated to mislead. The evidence only shows dan-

gerous, combustible material in the right of way, if any, and the jury found that the dead grass and dried weeds were only partially cleared off. The court did not err in striking out the following words from plaintiff in error's instruction No. 10, as follows:

"If the defendant has proven by competent evidence that it used the best and most approved means and methods for preventing damages by fire from its locomotives, such proof is sufficient to overcome said *prima facie* case of negligence" (as made by the statute in case the setting of fire is shown).

This is an attempt to induce the court to instruct the jury, that from the bare proof of certain facts that are not conclusive and do not cover the entire ground, the statutory *prima facie* case is overcome.

The instruction was drawn on the hypothesis that it was only necessary for a railroad to use the most approved means and methods for the prevention of damages by fire by locomotives. This alone was not sufficient. The means, that is, the appliances, must not only be the most approved, but must be kept in the best of running order, and the methods must not only be the most approved, but manner of running and handling the engines must be free from negligence on the part of those in charge.

It is seen, then, that the instructions, by omitting these essentials, entirely fail to cover the ground, and the court was correct in striking out this entire portion of the instruction.

Seeing no error in the record the judgment is affirmed.

*Judgment affirmed.*